IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORALES, et al., | Case No.: 1:09-cv-00704 LJO JLT |
| Plaintiffs, | ORDER DENYING STIPULATION TO AMEND SCHEDULING ORDER |
| v. | (Doc. 25) |
| STEVECO, INC., et al., | |
| Defendants. | |

Before the Court is the stipulation of the parties to amend the scheduling order. (Doc. 25) In the stipulation, the parties report that they have had "preliminary settlement discussions and have agreed to mediate this case" on July 27, 2011. Id. at 2. They do not explain why they have delayed their settlement discussions but seek extensions of all deadlines set forth in the scheduling order that have not already passed as a result. Id at 3. For the reasons discussed below, the Court **DENIES** the stipulation to amend the scheduling order.

**I.   The Scheduling Order**

The Court conducted the scheduling conference on March 26, 2010. (Doc. 20) In preparation for the conference, the parties filed a joint statement on February 9, 2010, in which they reported to the Court, "The parties have discussed mediation and are in the process of moving forward with medication." (Doc. 18 at 5.) Also, the parties proposed deadlines to the Court for scheduling the matter and sought a trial date in December 2011. Id. at 4.  The Court issued the scheduling order

1

that roughly approximated the parties' proposed schedule. (Doc. 20) Notably, in the scheduling order, the Court admonished the parties,

> Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

(Doc. 20 at 13.) Upon this backdrop, the Court will consider the parties' request.

## II.   Analysis

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified <u>only for good cause</u> and only with the judge's consent. Fed. R. Civ. P. 16(b).  In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, **because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference** . . ." <u>Jackson</u>, 186 F.R.D. at 608, emphasis added.

In the current stipulation the parties report that discovery has been "particularly difficult and expensive."  (Doc. 25 at 2.)  Moreover, they anticipate significant additional cost before completion of discovery.  <u>Id</u>.  Also, they report that if the current case schedule remains in place, "various deadlines would expire while the parties are preparing to mediate the case." <u>Id</u>.  They explain that delaying the discovery deadlines to determine whether the matter may settle would avoid them incurring costs that may turn out to be unnecessary, if the matter settles.  Notably, the parties offer no estimation of the likelihood that settlement can be achieved  Most importantly, the parties do not explain why the mediation–which was contemplated by them 15 months ago–is only now being

1 scheduled or why it cannot be completed sooner that two months hence.

2       Though the Court applauds the parties' desire to resolve this matter and enthusiastically
3 encourages this pursuit, the Court also bemoans the resources that have been wasted already due to
4 the delay in scheduling the mediation and the waste of resources that will occur while mediation
5 efforts are underway. Unfortunately, however, this is a circumstance of the parties making. Because
6 the parties indisputably committed to pursue mediation more than 15 months ago, finally engaging in
7 it now is not an "unanticipated" circumstance that constitutes good cause to amend the scheduling
8 order. <u>Jackson</u>, 186 F.R.D. at 608. Therefore, the parties' request to extend the discovery deadline
9 set forth in the scheduling order is **DENIED**.

11 IT IS SO ORDERED.

12 Dated: **May 26, 2011**         **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE