UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORALES, MANUEL CRUZ, and MARIA CRUZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STEVCO, INC., FAL INC. (dba LUCICH FARMS), and DOES 1 to 20 inclusive,<br><br>Defendants. | CIV-F-09-0704 AWI JLT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART |

**I. History**

Defendants Stevco, Inc. and Fal Inc. are commercial table grape growers based in Kern County. Plaintiffs Jose Morales, Manuel Cruz, and Maria Cruz are former employees of Defendants. The operative complaint is the third amended complaint and is brought as a class action. Doc. 174. In it, Plaintiffs allege Defendants failed to properly pay wages by forcing employees to work off the clock, forcing employees to purchase tools out of pocket, failing to pay minimum required wages, failing to provide meal and rest periods, failing to provide accurate itemized wage statements, and failing to maintain time records. Plaintiffs' claims are divided into nine causes of action: (1) violations of the federal Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §1801 et seq. through misinformation concerning the terms and conditions of employment, noncompliance with the terms of the working arrangement, failure to pay wages when due, and failing to provide accurate itemized written statements; (2)

1

failure to pay wages; (3) failure to pay reporting time wages; (4) failure to provide required meal and rest periods as required by the Industrial Welfare Commission Work Order 14 and Cal. Labor Code §226.7; (5) failure to pay wages in a timely manner at the termination of employment; (6) failure to provide itemized employee wage statements; (7) recovery for these violations under the Private Attorney General Act, Cal. Labor Code §2699 et seq.; (8) breach of contract; and (9) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq. ("UCL") through the above described activities. The current incarnation of this case was filed in 2009. The full history of the legal dispute can partially be traced back to cases filed in state court in 2004-2005. At present, there is a related case, Lara v. Casimiro, Civ. Case No. 06-0028 that is also against Defendants, making similar claims with a different set of named plaintiffs.

Plaintiffs and Defendants have come to a settlement. The parties agree to the certification of a class covering workers in 2000-2004. Defendants will provide $925,000 to resolve claims centered on improper rest and meal periods. Of more than 400 potential class members, 119 have made claims and are in line to receive part of the award. Magistrate Judge Thurston issued a findings and Recommendations ("F&R) granting in part and denying in part Plaintiffs' motion for final approval of the class settlement. Doc. 66. Plaintiffs made objections to the F&R. Doc. 67, Defendants have made no objections.

## II. Legal Standards

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

## III. Discussion

Judge Thurston agreed with the parties on most of their requests. She found that the certification of a class comprising all workers jointly employed by Defendants and Golden Grain Farm Labor Contractor in 2000-2004 was appropriate. She also approved of the overall

settlement amount, incentive payments to the named plaintiffs in this case, fees for the settlement administrator, payment to the State of California under the terms of the Private Attorney General Act, and costs for Plaintiffs' counsel.  These findings are not objected to.

Judge Thurston disagreed with the parties' proposal on two points.  First, Plaintiffs' counsel seek attorneys fees under a common fund calculation of 30%.  Judge Thurston found 25% to be more appropriate.  Second, Plaintiffs seek incentive payments for the named plaintiffs in Lara v. Casimiro in addition to the named plaintiffs in this case.  Judge Thurston found no basis to grant those incentive payments.  Plaintiffs object to these two findings.

**A. Attorneys Fees**

Judge Thurston made a finding of attorneys fees in the F&R under the common fund method, putting aside the lodestar method.  Plaintiffs do not argue the lodestar, confining their assertions to the common fund method.  Within the courts of the Ninth Circuit, an award of 25% is considered the benchmark common fund percentage; deviations from that amount must be specifically justified by the facts of the case. Powers v. Eichen, 229 F.3d 1249, 1256 (9th Cir. 2000).  Factors to be considered in deciding upon the appropriate percentage include the results obtained, risk undertaken by counsel, complexity of the issues, length of the professional relationship, the market rate, and awards in similar cases. Romero v. Producers Dairy Foods, Inc., 2007 U.S. Dist. LEXIS 86270, *8-9 (E.D. Cal. 2007), citing Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002).  Plaintiffs assert that all factors favor increasing the percentage from the benchmark. Doc. 67, Plaintiffs' Objections, 1:20-21.

**1. Results Obtained**

The total settlement amount of $925,000 (minus proposed fees) would provide the 119 claimants with an average recovery of over $4,300 each.  Plaintiffs assert that this amount of recovery is excellent as "individual class member claims in this case were never huge, as they revolved around Defendants' failure to pay class members for portions of days on an intermittent basis and a failure to provide rest and meal periods." Doc. 67, Plaintiffs' Objections, 4:8-10.  The

main thrust of Plaintiffs' claim is that they may not have received appropriate wages/penalties for improper rest and meal periods; all other claims for relief appear to be ancillary to that central assertion. Doc. 35, Order Granting Preliminary Approval of Class Settlement, 9:1-12.

Under Cal. Labor Code §226.7(b), "If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." The class covers five years, the seasonal spring-fall work periods of 2000 through 2004. Assuming that covers approximately 150 work days per year, the class period is 750 work days. The settlement is to be distributed pro-rata based, in part, upon how long each member was actually employed by Defendants during 2000-2004. If each claimant was working for all 750 days and established a rest/meal period violation of each of those days, then they would each receive approximately $4,300 or $7.50 per work day. This recovery calculation amount is inflated by the unfortunate fact that only 23% of potential class members have stepped forward to make claims and deflated by the assumption that each claimant was employed by Defendants during the entire class period. This calculation is admittedly crude. Nevertheless, it is a significant recovery for violations that, at first glance, appear to allow for one or two hour's pay per work day in the class period. This factor weighs in favor of a higher award.

**2. Risk Undertaken by Counsel**

"The risk of loss in a particular case (and, therefore, the attorney's contingent risk) is the product of two factors: (1) the legal and factual merits of the claim, and (2) the difficulty of establishing those merits." City of Burlington v. Dague, 505 U.S. 557, 562 (1992). The central issue in this case concerns rest and meal periods. In 2012, the California Supreme Court made a much anticipated ruling that clarified the operation of California labor law, Brinker v. Superior Court, 54 Cal. 4th 1004 (Cal. 2012). The state of the law prior to that decision was admittedly murky. In taking this case, Plaintiffs' counsel faced significant risk on the legal merits. The factual merits of the case are straightforward. Much of the case involves time sheets of

individual workers, testimony of Defendants' employees on work policies and practices, and testimony of individual workers. This factor weighs slightly in favor of a higher award.

### 3. Complexity of Issues

For this factor, Plaintiffs argue that "this case required exceptional skill in finding and contacting largely Spanish speaking workers, litigating over cutting edge legal theories surrounding rest and meal periods and issues of proof in light of the limited recording keeping by Defendant." Doc. 62, Plaintiffs' Motion, 21:26-22:1. Using translators is not an especially complex procedure. As noted above, the law is dense. California wage and hour law is extremely complex and the statutory/administrative language can be particularly difficult to parse. This factor weighs in favor of a higher award.

### 4. Length of Professional Relationship

The history of this case and its predecessor cases is extensive. The current named plaintiffs entered the case in a Mary 29, 2008 filing. However, Plaintiffs' counsel had been working with other potential class members before that time. This factor weighs slightly in favor of a higher award.

### 5. Market Rate

Defendants have provided summaries of the billable hours and rates expended in this litigation. Doc. 59, Ex. 1, Westerman Declaration, 4; Doc. 60, Part 2, Ex. B, Rich Declaration; Doc. 63, Mallison Declaration, 20:17-21:5. The information is very spare with only a total number of hours and rate for each attorney who worked on the case. There is no breakdown of how many hours were spent per year to determine how much effort was expended on prior incarnations of the litigation that resulted in separate suits against other table grape grower defendants; there is no attempt to segregate fees that should be shared with the five other cases. As Judge Thurston notes, many of the hourly rates exceed the maximum of $400/hour generally awarded in Fresno. In general, the Ninth Circuit has cautioned that "Unlike in cases where

lawyers compete for lead counsel status and may even bid in a court-supervised auction, in employment class actions like this one, no ascertainable 'market' exists.... But, to the extent that a market analogy is on point, in most cases it may be more appropriate to examine lawyers' reasonable expectations, which are based on the circumstances of the case and the range of fee awards out of common funds of comparable size." Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1049-50 (9th Cir. 2002).  The market rate factor weighs against increasing the award.

**6. Awards in Similar Cases**

Plaintiffs point to other common fund class action settlement awards in the Eastern District that support a 30% calculation. See, e.g., Vasquez v. Aartman, Civ. Case No. 02-5624 (30% of $375,000 settlement); Baganha v. California Milk Transport, Civ. Case No. 01-5729 (31.25% award of $800,000 settlement).  Plaintiffs represent that other wage and hour cases litigated in California state courts often result in fee awards upwards of 30% but do not provide documentation of that fact. Doc. 62, Plaintiffs' Brief, 23:8-13.  The Ninth Circuit found award of benchmark 25% not too high when "the litigation lasted more than 13 years, obtained substantial success, and involved complicated legal and factual issues." Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990) (the plaintiffs' counsel in the case does not appear to have been asking for more than 25% of the $1,846,500 award). "In megafund cases [$50-100 million], fees more commonly will be under the 25% benchmark in this Circuit. In contrast, in cases under $10 Million, the awards more frequently will exceed the 25% benchmark." Lopez v. Youngblood, 2011 U.S. Dist. LEXIS 99289, *36 (E.D. Cal. Sept. 1, 2011), citations omitted.

The settlement amount ($925,000) is not large.  This is not a megafund case, but neither was Six Mexican Workers.  Other comparable class action cases appear to have awarded 30% or more using a common fund calculation, but there is a lack of documentation of the state court cases.  This factor weighs slightly in favor of increasing the award.

**7. Factors as a Whole**

The factors do not provide a clear cut answer.  The results obtained, risk, complexity of

issues, length of relationship, and other similar awards weigh in favor of a larger award; some of the factors only tilt slightly and might be characterized as neutral. The market rate factor weighs against an increase. An award of the 25% benchmark would certainly be supportable. However, on balance, there is also sufficient justification for increasing the award to 30%. The attorneys fee in this case will be 30%.

**B. Named Plaintiffs in Lara v. Casimiro**

Plaintiffs assert "the settlement proposed herein resolves not only the instant case but also the class action and private attorney action against Stevco and Lucich in Case No. 1:06 CV 0028 AWI." Doc. 67. Plaintiffs' Objections, 9:18-20. However, approval of this settlement does not automatically resolve that case. As Judge Thurston points out, Lara remains a separate case. There is $75,000 set aside from the bankruptcy in that case. Plaintiffs now ask that $25,000 of the Lara funds be diverted into this settlement. Doc. 67, Plaintiffs' Objections, 1:16-17. As far as the court can determine, this was not part of Plaintiffs' original motion for settlement. See Doc. 48. The original motion was captioned solely as this case, Morales v. Stevco. Doc. 48. In the objections to the F&R, Plaintiffs have changed the caption to include both Morales v. Stevco and Lara v. Casimiro. Doc. 67. Notwithstanding these shifts, this settlement does not end Lara. As Judge Thurston recognized, the Ninth Circuit finds that "singling out a large group of non-named plaintiff class members for higher payments without regard to the strength of their claims eliminates a critical check on the fairness of the settlement for the class as a whole." Staton v. Boeing Co., 327 F.3d 938, 977 (9th Cir. 2003). This proposed settlement has not been framed as a proper settlement of Lara; the named plaintiffs in Lara can not receive incentive payments as part of a settlement of this case.

### IV. Order

The Findings and Recommendation, filed May 16, 2012 (Doc. 66) is ADOPTED in part:

1. Plaintiffs' motion for final approval of the Settlement Agreement is GRANTED.
2. Plaintiffs' request for certification of the Settlement Class is GRANTED and defined

as "All individuals who have been jointly employed by Defendants and Golden Grain Farm Labor Contractor in California as non-exempt farm workers during the period from March 5, 2000 through January 1, 2005."

    3. Plaintiffs' request for incentive payments to Class Representatives Jose Morales, Manuel Cruz, and Maria Cruz is GRANTED.

    4. Plaintiffs' requests for incentive payments to Arnaldo Lara, Mario Laveaga, Alejandra Hernandez, Margarito Santiago, Raul Diaz, Paula Leon, and Mirna Diaz is DENIED.

    5. Class Counsel's motion for attorneys fees is GRANTED in the amount of $277,500, which is 30% of the gross settlement amount.

    6. Class Counsel's request for costs in the amount of $15,000 is GRANTED.

    7. The request for fees for the Settlement Administrator Simpluris in the amount of $20,000 is GRANTED.

    8. The California Labor Code Private Attorney General Act payment to the State of California in the amount of $25,000 is APPROVED.

    9. The action is DISMISSED with prejudice, with each side to bear its own costs and attorneys fees except as otherwise provided by the Settlement and ordered by the Court.

    10. The Court retains jurisdiction to consider any further applications arising out of or in connection win the Settlement.

IT IS SO ORDERED.

Dated:   March 22, 2013

                                                    SENIOR DISTRICT JUDGE